## Eagle Estate

*William A. O'Donnell, Jr.,* and *Joseph A. Suchoza,* and *O'Donnell, Weiss, Mattei, Suchoza & Henry,* for petitioner.

*Richard N. Spare,* Special Assistant Attorney General, for Commonwealth.

TAXIS, P. J., March 13, 1970.—William L. Eagle died on June 23, 1963. On October 19, 1964, Kathryine M. DeWalt, his executrix and residuary legatee, filed the inheritance tax appraisement and the statement of debts and deductions for the estate. On schedule "A" of the appraisement (real estate), premises 119-25 High Street, Pottstown, Pa., were inventoried at $102,500, and this valuation was accepted by the department. In addition, there was also listed, "Mortgage—Montgomery County Bank & Trust Company Mortgage Book 3030 page 214," and alongside this entry in the column for estimated market value, the sum of $22,074.06 appeared. At first blush, this might appear to be an asset, but the appraiser understood the true nature of this item, because it was properly valued by him at zero. The total entered on schedule "A" was $80,425.94, thus also indicating that the mortgage was an encumbrance, this total being the difference between the gross value of the real estate and the mortgage balance. Instructions on schedule "A" direct the preparer to list mortgage encum-

brances on each parcel of real estate listed, but there is no instruction to deduct the amount thereof from the gross value of the real estate.

Debts and deductions totaling $45,347.86 were claimed and allowed by the register of wills. Presumably, because the mortgage balance had been deducted on schedule "A" aforesaid, it was not claimed as a deduction on the statement of debts and deductions and, accordingly, was never allowed as a debt. No appeal was taken by the executrix from either of these actions on the part of the taxing authorities, as required by section 1001 of the Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, 72 PS §2485-1001.

Early in 1968, the High Street premises were sold by the Sheriff of Montgomery County on a writ resulting from mortgage foreclosure proceedings. The mortgagee purchased them at this sale, but promptly resold them for $55,000. On June 12, 1968, Kathryine M. DeWalt died, and petitioner herein, George N. Jacobs, is her executor and residuary legatee, and has also been appointed administrator d.b.n. c.t.a. of this estate. The present petition requests us now to reduce the real estate appraisement from $102,500 to $55,000, and to increase the deductions allowed by the amount of the aforesaid mortgage. No inheritance tax has yet been paid, and on the existing record almost $20,000 in tax and interest is due.

Under existing law, the appraisement of the real estate cannot be changed, as the mistake alleged is a substantive one relating to value. The value of the real estate was supplied by the estate, and simply accepted by the department. More important, however, is that nothing has been set forth in the petition to warrant the allowance of an appeal "nunc pro tunc." To permit such an appeal, there must be substantial evidence of fraud, accident or mistake *with reference*

*to the reason why no appeal was taken* within the permitted period. As to all matters in issue in the appraisement or the statement of debts and deductions, the expiration of the appeal period represents finality: Blackiston Estate, 14 Fiduc. Rep. 347. The sound and compelling reasons for this rule were discussed at length by this court in Porter Estate, 12 Fiduc. Rep. 179, a case very much like the present one. Petitioner's attempts at distinguishing these cases, though well put, are not convincing, since none of them justify or explain the failure to appeal in any way.

As to the mortgage debt, however, we believe relief should be granted. Its disallowance involved at most an improper entry on the tax forms. No issues of valuation or taxability are involved. It is undenied that the mortgage would have been allowed as a debt if it had been entered on the statement of debts and deductions. This was a clerical error by taxpayer, not by the Commonwealth, but this should not prevent its correction. It is not difficult to see how the problem arose. The appraiser fixes gross values, with no allowance for encumbrances; and the register of wills had no information concerning the mortgage before him when he reviewed the statement of debts and deductions. There is sufficient authority for the correction of clerical errors after the expiration of the appeal period to warrant such action here. In Tagg Estate, 38 Dauph. 48, a mortgage not owned by decedent was inadvertently included among his assets, and correction was allowed after the appeal period expired. In Shultz Estate, 79 D. & C. 145, the appraisement included some shares of stock which no longer existed because of a corporate reorganization and also a greater number of shares of another stock than decedent owned, and both of these errors were corrected after the time for appeal expired; actually, this

decision goes further than we are required to go for present purposes. In Hoffman Estate, 6 Fiduc. Rep. 297, the Commonwealth included assets at their full value by error, whereas decedent owned only a one-third interest in them, and relief was granted upon a petition to correct the appraisement. In Rosenbaum Estate, 6 Fiduc. Rep. 409, a similar problem concerning a fractional interest arose, and this court allowed correction, saying, "The appraisement, unappealed from, was only conclusive as to the value of such property as was subject to tax."

Thus, we see that substantive issues concerning valuation and taxability must be appealed in a timely fashion if they are to be determined by the court, absent actual fraud or mistake. See Rieger Estate, 19 Fiduc. Rep. 159. There is, however, no issue here concerning the deductibility or amount of the mortgage, and, in our opinion, such a clerical error should be corrected.

The prayer of the petition is granted to the extent that the allowable deductions are increased by the amount of $22,074.06, the tax and interest due to be recomputed and reassessed accordingly. All other prayers of the petition are refused.